STATE of Utah, Plaintiff and Respondent,

v.

William ANDREWS, Dale S. Pierre and Keith Leon Roberts, Defendants and Appellant.

No. 13911.

Supreme Court of Utah.

Nov. 25, 1977.

Reed M. Richards of Public Defenders Ass'n of Weber County, Ogden, for defendants and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

All statutory references are to the Utah Code Annotated, 1953, unless otherwise indicated.

The Defendant Keith Leon Roberts was charged with three counts of murder in the first degree (a capital offense) in violation of Section 76–5–202, as enacted 1973, for the murders of Carol Naisbitt, Michelle Ansley, and Stanley Walker; additionally he was charged with two counts of aggravated robbery in violation of Section 76–6–302, as enacted 1973, for the robbery of Orren W. Walker, Jr. and Stanley Walker. The acts forming the bases of these crimes occurred at the Hi-Fi Shop, a business selling stereo and allied equipment, located in Ogden, Weber County, Utah, on April 22, 1974, during the robbery thereof.

The defendant was tried jointly with Dale S. Pierre and William Andrews (who were charged with the same five counts as defendant and who are the subjects of companion cases decided this date) before a jury in the District Court of Davis County, State of Utah, and the jury could not reach a verdict as to the defendant on the three

counts of murder, but found him guilty on the two counts of aggravated robbery on November 15, 1974, (the trial having commenced on October 15, 1974). The District Judge then sentenced the defendant to an indeterminate term of five years to life at the Utah State Prison on the two counts of aggravated robbery.

See companion case, *State v. Pierre*, No. 13903, Utah, 572 P.2d 1338 (1977) for recital of numerous facts in the guilt phase of said case which are applicable here and to which the reader is referred.

Facts, explanations, and other matters *supplemental* to those recounted in *Pierre* are stated in this opinion.

Evidence disclosed that though defendant was not identified in the basement of the Hi-Fi Shop (as were Pierre and Andrews), other evidence inculpating him in the aggravated robberies revealed that defendant's fingerprints were on a plastic dust cover from the storage unit housing the stolen hi-fi equipment; that a bolt mechanism for a .25 caliber automatic pistol was found in defendant's automobile, and the floormat therefrom contained the same chemicals as are contained in Drano; personal items of the victims were found in the dumpster next to defendant's barracks; and Hi-Fi Shop labels were discovered in the latrine of defendant's barracks.

Defendant argues prejudicial error was created by the District Court as it failed to grant him a separate trial because of inconsistent and antagonistic defenses between him, Pierre, and Andrews; as the District Court failed to grant defendant's motion for sequestration of the jury because of adverse publicity and prejudicial atmosphere of the trial; as the Court permitted the testimony of Dr. Byron H. Naisbitt; and as the Court allowed a hearsay statement by Andrews which incriminated defendant, thus violating his constitutional right of confrontation. We reject these arguments which are fully outlined in *Pierre*, supra, and for the same reasons noted therein.

Defendant also contends that the District Court committed reversible error in moving the trial, against his wishes, from Weber County, which had original jurisdiction, to Davis County which is adjacent thereto. Defendant argues that this removal was based on motion made by Pierre and Andrews and he cites Section 77–26–11 as authority for the proposition that this joint motion is not controlling on him since he took no part in making it. This section provides:

> If there are several defendants and an order is made removing the action on the application of one or more but not all of them, the other defendants shall be tried and all proceedings had against them in the county in which the cause is pending in all respects as if no order of removal had been made as to any defendant.

However, the motion made by Pierre and Andrews was to have the trial moved to Salt Lake County, and this motion was denied. It was the State's motion to have the trial moved to Davis County, which was granted, that served as the basis for the Court's decision, not the joint motion of Pierre and Andrews.

The Utah Constitution, Article VIII, Section 5, provides that:

> All civil and criminal business arising in any county, must be tried in such county, unless a change of venue be taken, *in such cases as may be provided by law.* [Emphasis added.]

The prosecution may move for a change of venue under Section 77–26–9 which provides that:

> The state may have a change of place of trial for any of the causes for which the defendant may obtain the same. The application therefor must be made by the prosecuting attorney, and be supported by affidavit.

The prosecution complied with the requirements of the above statute by filing a supporting affidavit which listed its concern for a fair and impartial trial as cause for removal. Section 77–26–1 provides that the defendant has a right to apply for a change of venue on this ground and thus, the prosecution may do so under Section 77–26–9 above.

Section 77–26–4 states:

If the court is satisfied that the representations of the applicant are true, an order must be made for the removal of the action to the district court of a county free from such objection.

Under this section a trial court has sound discretion to act, and its action will not be reviewed unless clearly abused. *State v. Riley*, 41 Utah 225, 126 P. 294 (1912). The facts of this case do not show any clear abuse of the Court's discretion.

Affirmed.

No costs awarded.

ELLETT, C. J., and MAUGHAN, CROCKETT and HALL, JJ., concur.